FLORA J. WALKER, and others, *vs.* ELLEN R. NEWTON.

Kennebec.    Opinion May 31, 1893.

*Levy.    Estate decreed insolvent.    R. S., c. 66, § § 3, 18, 19; c. 76, § 49; Stat. 1869, c. 37.*

A decedent's estate is "decreed insolvent" within the meaning of R. S., c. 76, § 49, when commissioners of insolvency are appointed upon a representation of insolvency.

After such appointment of commissioners no levy can be made upon the estate.

ON REPORT.

The case, which is sufficiently stated in the opinion, was submitted on an agreed statement of facts.

*C. L. Andrews*, for plaintiffs.

We may show collaterally, in this action, that defendant could not extend her execution by a levy. *Thayer* v. *Hollis*, 3 Met. 369. Decisions prior to 1869, like *Wyman* v. *Fox*, 59 Maine, 101, and cases therein cited, do not apply since the change in the statutes. Act of 1869 was consolidated in the

revisions of 1871 and 1883. The first section remains where it was placed, the second being added to R. S., c. 81, § 68, and provides that "all attachments of real and personal estate are dissolved . . . by a decree of insolvency on his estate before the levy or sale on execution." *Hall* v. *Merrill*, 67 Maine, 112 ; *Pulsifer* v. *Waterman*, 73 Maine, p. 239. It was also added to R. S., c. 76, § 49.

*Beane and Beane*, for defendant.

No decree of insolvency as required by statute has been made. In *Hall* v. *Merrill*, 67 Maine, 112, the court says, "after the decree of insolvency and the acceptance of the report, . . . the estate is to be settled as an insolvent estate," etc. In *McLean* v. *Weeks*, 65 Maine, 411, BARROWS, J., says, "It should be understood that it is not the representation of insolvency and the decree of the judge of probate for the appointment of commissioners which is regarded as conclusive evidence of the fact of insolvency. The evidence would be imperfect without the report of the commissioners, and the accompanying documents and the decree thereon, together with the other proceedings establishing the amount of the assets." *Bascom* v. *Butterfield*, 1 Met. 536 ; *Hunt* v. *Whitney*, 4 Mass. 623. There the court says commission of insolvency must be issued, executed and returned, as the basis of the decree upon which insolvency rests.

After representation of insolvency was made and commissioners appointed, their proceedings were irregular, defective, and void ; and for this reason their report was never acted upon by the probate judge, and though defendant's action was then pending in court, neither the administrator nor his counsel made any suggestion of insolvency, and the defendant had no notice of any such claim or proceedings.

EMERY, J. This is a real action. The plaintiffs show title as heirs of one Joss, deceased, who admittedly died seized of the demanded premises. The defendant claims title under a judgment against the estate, and a levy of the execution on the demanded premises, according to the statute R. S., c. 76, § 49.

A few days before the judgment and levy, however, the estate had been represented insolvent and commissioners of insolvency had been appointed by the probate court. No report of such commissioners had been made.

The statute cited authorized the defendant's levy, "unless prior thereto his [the decedent's] estate is [was] decreed insolvent." The question, therefore, is whether by the appointment of commissioners of insolvency upon the application of the administrator, " the estate is [was] decreed insolvent," within the meaning of those words in the statute.

The defendant argues that, in probate procedure, to decree an estate insolvent, is to determine that it is in fact insolvent, which fact cannot be determined until the report of the commissioners has been made, and the amount of the claims allowed compared with the amount of the assets returned in the inventory. Hence, it is argued, an estate cannot be decreed insolvent until the report of the commissioners is made, which had not been done in this case.

A perusal of the statutes governing the settlement of estates of decedents will disclose that one method is provided for settling estates assumed to be solvent, and another and different method for settling estates assumed to be insolvent. According to the one method, each creditor, independently of and even to the exclusion of every other creditor, may pursue his remedy through the ordinary courts, to judgment and levy. According to the other method, every creditor must present his claim to the commissioners, or if he has previously begun an action, must present his judgment to the judge of probate to be entered on the list of debts entitled to a dividend (R. S. c. 66, § § 18 and 19). Which method shall be pursued in the settlement of any particular estate must necessarily be determined early in the proceedings. This determination cannot be delayed until it is finally ascertained whether the estate is in fact insolvent, because that fact cannot be certainly known till the estate is finally settled. Hence it is provided that when it appears to the administrator, that the estate may be eventually insolvent, he may so represent to the court and have commissioners

appointed to adjudicate upon claims (R. S. c. 66, § 3). This appointment of commissioners upon such representation, necessarily determines that the estate shall thereafter be settled as an insolvent estate. The estate is thereby "decreed insolvent." not as to the fact of its actual insolvency, but as to the method of its settlement. The estate must thereafter be settled as an insolvent estate, even though it be in fact abundantly solvent. *Parkman* v. *Osgood*, 3 Maine, 17 ; *Todd* v. *Darling*, 11 Maine, 34. It is in this sense, that the words "decreed insolvent," are used in the statute. In this statute sense, this estate was decreed insolvent before the levy, and the statute right to levy was thereby barred. The defendant therefore acquired no title by her levy.

Reference to the original statute (1869, c. 37 ) will make the correctness of our interpretation quite evident. It is there plainly provided in express terms, that the representation of insolvency, and the issuing a commission of insolvency before levy, shall vacate attachments and bar levies. The use of the shorter phrase " decreed insolvent " in the subsequent revision of the statutes, was evidently for conciseness and not for change of meaning.

The defendant urges, however, that the question of the validity of this levy is one solely between the levying creditor, and the other creditors of the estate ; that it is not open to these plaintiffs claiming as heirs only. The title, however, descended directly to the plaintiffs, and remains in them until divested by authorized statute procedure. The defendant's procedure was not authorized by statute, and hence did not divest the plaintiffs' title. Their title as heirs must therefore be sustained.

*Judgment for the plaintiffs. Damages assessed at one dollar.*

PETERS, C. J., WALTON, LIBBEY, HASKELL and WHITEHOUSE, JJ., concurred.